[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This tax appeal involves property known as Holiday Inn (now assigned to Norwich Holdings, Inc. following a foreclosure), which property was evaluated by the City of New London on October 1, 1988 at $6,158,400, and which had an assessment of $4,310,880 (being 70% of value).
The Inn is located off highway I-95 and has 135 rooms, plus conference rooms, restaurant, lounge and outdoor swimming pool. The land (including a pond) comprises 10.63 acres. According to the appraiser (Mr. Silverstein) called by the plaintiff, the facility is a limited service hotel.
Traditionally valuations of real estate are based on three approaches: CT Page 8106
1. Income approach
2. Sales Comparison approach
3. Cost approach
The appraiser, Mr. Silverstein, testifying for the plaintiff, stressed that the income approach was the most important approach in the case of a hotel.
While the Inn fell on hard times during the recession, and suffered a foreclosure, the law of this state seems to be clear that a recession and a poor economic climate occurring after the assessment date cannot be taken into account in a tax appeal based upon an assessment date of October 1, 1988. (Newbury v. Stamford, 226 Conn. 92).
Accordingly, although the plaintiff seeks relief for the years 1989, 1990, 1991 and 1992, the crucial question is the valuation of the property on October 1, 1988.
The plaintiff's appraiser, Mr. Silverstein, reached a valuation of $4,350,000, as of October 1, 1988, based on the income approach; $4,860,000 on the comparable sales approach; and $4,730,000 on the cost approach.
Yet, in 1987 and 1988 the Inn was obligated to mortgages of approximately $6,700,000, and in 1988 a valuation by Cross and Brown (Defendant's Exhibit 2) evaluating the Inn at $8,800,000, was in the files of the present plaintiff when it issued a second mortgage.
In the years of 1985 and 1986, approximately $4,000,000 of improvements were put into the Inn.
The appraiser called by the defendant (Mr. Flanagan) was Director of Real Estate (Assessor) for the City of New London at the time of the assessment on October 1, 1988. At that time the assessments in New London were done by an outside firm. It is interesting that this firm (MMC) was only interested in the cost approach.
At the present time Mr. Flanagan is an independent appraiser. However, the plaintiff claims, with some CT Page 8107 justification, that Mr. Flanagan's testimony is somewhat self-serving, as he was the City assessor on October 1, 1988.
Mr. Flanagan's evaluation of the Holiday Inn, as of October 1, 1988, is $6,200,000. In reaching this figure he used the three approaches mentioned earlier. He stressed the location and amenities of the Holiday Inn. He also testified that on October 1, 1988 lenders were eager to make loans.
Upon hearing all the evidence and reviewing the voluminous twenty exhibits, the court finds that the defendant City of New London was not too far from actual value for the Holiday Inn as of October 1, 1988. A small reduction is called for — which results in an evaluation of the plaintiff's property by the court of $5,500,000 as of October 1, 1988, and that a proper assessment of the property as of October 1, 1988, being 70% of the actual value, would be $3,850,000.
Wherefore, the defendant City of New London, and its Board of Tax Review are directed to adjust the assessment its Board of Tax Review are directed to adjust the assessment in accordance with this decision.
No costs to either party.
Wright, J. State Trial Referee